UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KIA AMERICA, INC., and KIA CORPORATION, <br><br> Defendants. | 21 C 3166 <br><br> Judge Gary Feinerman |

**MEMORANDUM OPINION AND ORDER**

LKQ Corporation and Keystone Automotive Industries, Inc. (together, "LKQ") seek a declaratory judgment of non-infringement and invalidity of certain design patents owned by Kia America, Inc., and Kia Corporation (together, "Kia"). Doc. 1. Kia moved under Civil Rule 12(b)(2) to dismiss for lack of personal jurisdiction, Doc. 23, and LKQ cross-moved for jurisdictional discovery, Doc. 28. In response to those motions, the court entered an order and opinion: (1) noting that LKQ pursued only a specific jurisdiction theory; (2) holding that Kia's communications to LKQ in Illinois satisfied the "minimum contacts" prong of the specific jurisdiction analysis, but not the "fair play and substantial justice" prong; and (3) allowing LKQ to take jurisdictional discovery regarding Kia's prior litigation in Illinois, which is pertinent to the "fair play and substantial justice" analysis. Docs. 58-59 (reported at 2022 WL 1092119 (N.D. Ill. Apr. 12, 2022)). That discovery took place, and the parties submitted supplemental briefs addressing the impact of Kia's prior litigation on the jurisdictional inquiry. Docs. 68, 73. The court holds that subjecting Kia to personal jurisdiction in Illinois would comport with fair play and substantial justice, and therefore denies Kia's motion to dismiss.

1

**Background**

This court's prior opinion, familiarity with which is assumed, describes an array of pertinent facts. 2022 WL 1092119, at *1-2. The court sets forth only the additional pertinent facts presented by the parties' supplemental briefs.

Kia has litigated at least 76 cases in Illinois state courts since 2007. Doc. 65 at 5; Doc. 68 at 8. In four of those cases, Kia was the plaintiff; in the others, as the defendant, Kia did not contest personal jurisdiction. Doc. 68 at 9. Kia has also litigated 16 cases (not including this one) in federal district courts in Illinois since 2007. *Ibid*. Kia brought one of those cases, which sought a declaration of patent noninfringement. *See Kia Motors Am., Inc. v. Wingard*, 14 C 3067 (N.D. Ill. filed Apr. 28, 2014). In addition, Kia has 19 dealerships in Illinois, and one of its five regional United States offices is in Downers Grove, Illinois. Doc. 68 at 12.

**Discussion**

As noted, the sole remaining question is whether exercising personal jurisdiction over Kia in Illinois accords with the "fair play and substantial justice" prong of the specific jurisdiction inquiry—in other words, "whether assertion of personal jurisdiction is reasonable and fair." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017) (internal quotation marks omitted). "Where minimum contacts are satisfied, the exercise of jurisdiction is presumptively reasonable. Thus, the burden is placed on the defendant to present a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Apple Inc. v. Zipit Wireless, Inc*., 30 F.4th 1368, 1375 (Fed. Cir. 2022) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)) (first set of internal quotation marks and citation omitted); *see also Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1356 (Fed. Cir. 2017) ("[I]nstances in which the fairness analysis will defeat

2

otherwise constitutional personal jurisdiction are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.") (internal quotation marks omitted).

In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Supreme Court identified five considerations relevant to whether exercising personal jurisdiction over a defendant comports with fair play and substantial justice: "[1] 'the burden on the defendant,' [2] 'the forum State's interest in adjudicating the dispute,' [3] 'the plaintiff's interest in obtaining convenient and effective relief,' [4] 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and [5] the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1153 (Fed. Cir. 2021) (quoting *Burger King*, 471 U.S. at 477). Kia concedes that the second and third factors favor finding personal jurisdiction, Doc. 73 at 18, and agrees with LKQ that the fifth factor "is not implicated by this action," as "the same body of federal patent law would govern the patent invalidity claim irrespective of the forum," Doc. 68 at 14 (quotation marks and citations omitted); Doc. 73 at 19. Only the first and fourth factors are in dispute.

The first factor, the "burden of subjecting the defendant to litigation within the forum," *Xilinx*, 848 F.3d at 1356, is the "primary concern" in "evaluating whether the exercise of personal jurisdiction would comport with fair play and substantial justice," *Trimble*, 997 F.3d at 1157. A "lack of significant burden" can be shown by the defendant's "prior litigations in [the forum] itself," which are "clear[ly] … relevan[t]" to the burden analysis. *Xilinx*, 848 F.3d at 1357-58. In addition, the defendant's "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there,"

3

which similarly weighs against finding that litigating in the forum is "unreasonably burdensome." *Zipit*, 30 F.4th at 1379-80 (quoting *Burger King*, 471 U.S. at 476).

Kia has litigated over 90 cases in Illinois state and federal courts. Doc. 68 at 8-9. In none of the cases in which it was a defendant did Kia contest personal jurisdiction, and it voluntarily chose to bring five of those cases in Illinois. *Ibid*. Kia's substantial number of prior cases in Illinois demonstrates the "lack of significant burden" on it of litigating this case in Illinois. *Xilinx*, 848 F.3d at 1357 (holding that the fact that the defendant "repeatedly availed itself of the [forum state's] federal court system—at least seven times—by filing patent infringement lawsuits there" evidenced the "lack of significant burden" on the defendant); *see also Trimble*, 997 F.3d at 1158 (holding that litigating the case in California "d[id] not impose an undue burden" on the defendant, given that it had "repeatedly filed lawsuits in the Eastern District of Texas" and "threatened to sue [the plaintiff] in the Northern District of Iowa," both of which were "far from [the defendant's] office in Washington, D.C."); *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755, 764 (Fed. Cir. 2016) ("The burden on [the defendant] will be at most modest, as [the defendant] … has litigated many [] lawsuits in [the forum], including some that it initiated."); *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d 424, 430 (Fed. Cir. 1996) (holding that it was not "unduly burdensome" to require an Italian patent owner to litigate in California, where the defendant had initiated a declaratory judgment suit regarding its patent in the same forum). Kia's substantial territorial presence in Illinois—including at least 19 dealerships and one of its five regional domestic offices, Doc. 68 at 12—further supports the fairness of requiring it to litigate this case in Illinois, as that presence "enhance[s] [Kia's] affiliation with [Illinois] and reinforce[s] the reasonable foreseeability of suit there." *Zipit*, 30 F.4th at 1380 (quoting *Burger King*, 471 U.S. at 476); *see also Xilinx*, 848 F.3d at 1357 (same).

4

Kia contends that its Illinois state court litigation "do[es] not establish the reasonableness of exercising jurisdiction over Kia under the fairness prong because *all* of those state court cases relate to Kia's commercial sales of vehicles in Illinois, and *none* relate to any Kia patents or patent enforcement activities." Doc. 73 at 5. That argument fails to persuade. As noted, the inquiry under the fairness prong asks whether it is unduly burdensome to "subject[] the defendant to litigation within the forum." *Xilinx*, 848 F.3d at 1356. Regardless of whether Kia's previous Illinois litigation was patent-related, that litigation demonstrates that Kia "has found a way to shoulder successfully the burden of litigating in [Illinois]." *Id*. at 1358 (quotation marks omitted). Moreover, Kia *has* initiated a patent-related suit in Illinois federal court—its declaratory judgment suit seeking a declaration of patent noninfringement, Doc. 68 at 9—which on its own suggests that the burden on Kia of litigating in Illinois is not undue or unreasonable. *See Viam*, 84 F.3d at 430 (holding that it was not "unduly burdensome" to require the defendant to litigate in California because the defendant had initiated a declaratory judgment suit to enforce its patent in that forum). That Kia (as it observes) brought that federal suit seeking "a declaration that Kia's vehicle sales in Illinois did not infringe [the defendant's] patent," Doc. 73 at 13-14, rather than to enforce or defend a patent owned by Kia, in no way diminishes its probative value for evaluating the reasonableness of forcing Kia to litigate patent disputes in Illinois.

Kia also argues that it "could not have reasonably foreseen that it would be haled into court in Illinois based on its very limited contacts with LKQ." *Id*. at 7. True enough, Kia engaged in only limited communications with LKQ and, as the court held, those communications alone do not satisfy the "fair play and substantial justice" inquiry. 2022 WL 1092119, at *4. But it does not follow that Kia "could not have reasonably foreseen that it would be haled into court in Illinois." As explained above, Kia's considerable presence in Illinois "enhance[s]" Kia's

5

affiliation with Illinois and "reinforce[s] the reasonable foreseeability of suit there." *Burger King*, 471 U.S. at 476. When Kia's territorial presence is considered alongside its extensive litigation—including as a plaintiff—in Illinois courts, subjecting Kia to litigating this case in Illinois "does not impose an undue burden" on it. *Trimble*, 997 F.3d at 1158.

The fourth factor, the "interstate judicial system's interest in obtaining the most efficient resolution of controversies," evaluates whether exercising jurisdiction over the defendant in the forum state "would result in an efficient resolution of the controversy." *Id*. at 1159. "Underlying this consideration is the settlement-promoting policy" that "a right holder should be permitted to send a notice letter to a party in a particular forum to try to settle disputes without being haled into court in that forum." *Zipit*, 30 F.4th at 1377, 1380. Because Kia's contacts with LKQ were limited to sending one cease-and-desist letter and engaging in limited follow-up, this factor weighs in Kia's favor. *See id.* at 1380 (holding that the fact that the defendant's "initial contacts with [the forum] can be fairly viewed as attempting to settle its dispute with [the plaintiff] out of court … weigh[s] in [the defendant's] favor" under the fourth factor).

On balance, however, Kia "has not made a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Trimble*, 997 F.3d at 1159 (quoting *Burger King*, 471 U.S. at 477). Only the fourth factor favors finding that exercising personal jurisdiction over Kia would be unfair, and that factor is "but one of many considerations in [the court's] overall analysis of the *Burger King* factors" and thus "cannot control the inquiry." *Zipit*, 30 F.4th at 1378; *see also id*. at 1380-81 ("Overall, while we consider this important policy of promoting settlement—as it is, of course, one of the most efficient ways to resolve a controversy without court intervention—we must balance the fourth *Burger King* factor against the other factors."); *Trimble*, 997 F.3d at 1159 (holding that "[t]he interstate judicial

6

system's interest in obtaining the most efficient resolution of controversies also does not counsel against jurisdiction," as "[j]urisdiction over [the parties'] claims in [the forum state] would result in an efficient resolution of the controversy," and observing that "there is nothing preventing the parties from reaching a settlement while this case is pending in the [the forum state]"). Given the lack of substantial burden on Kia of litigating in Illinois, which is the "primary concern" in "evaluating whether the exercise of personal jurisdiction would comport with fair play and substantial justice," *id*. at 1157, exercising jurisdiction over Kia in this case is reasonable and fair and satisfies the demands of "fair play and substantial justice."

## Conclusion

Exercising personal jurisdiction over Kia in this suit satisfies both the "minimum contacts" and "fair play and substantial justice" prongs of the specific jurisdiction inquiry. Accordingly, Kia's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is denied. Kia shall answer the complaint by August 2, 2022.

July 11, 2022

_____
United States District Judge