IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KIA AMERICA, INC. and KIA CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-03166 <br><br> Jury Trial Demanded |

**DEFENDANTS' UNOPPOSED MOTION TO ACCEPT EXHIBITS
IN SUPPORT OF LKQ'S MOTION TO COMPEL UNDER SEAL**

Pursuant to Local Rule 26.2, Defendants Kia America, Inc. and Kia Corporation (collectively, "Kia") respectfully request leave of the Court to accept the following documents that LKQ filed in connection with its motion to compel (Dkt. No. 122) under seal:

- Plaintiffs' Memorandum in Support of its Motion to Compel;

- Exhibit G to the Declaration of Michael P. Bregenzer ("Bregenzer Declaration"), a true and correct copy of Kia's current response to LKQ's Interrogatory No. 11;

- Exhibit H to the Bregenzer Declaration, a true and correct copy of a letter written to Administrative Law Judge Moore in the corresponding ITC investigation, 337-TA-1291; and

- Exhibit J to the Bregenzer Declaration, a true and correct copy of Kia's current response to LKQ's Interrogatory No. 2;

LKQ filed its motion to compel on January 14, 2022. Dkt. No. 122. In support, LKQ filed a public version of its memorandum in support (Dkt. No. 123), and the Declaration of Michael P. Bregenzer (Dkt. No. 124). Attached to the Bregenzer Declaration were several exhibits, including sealed versions of Exhibits G, H, and J. LKQ filed a motion for leave to seal its memorandum in support and Exhibits G, H, and J to the Bregenzer Declaration based on the

1

fact that those documents contained information that Kia designated as confidential under the Protective Order. Dkt. No. 127. On November 30, 2022, Kia filed its opposition, the Declaration of Thomas R. Burns, Jr., and several supporting exhibits. Kia similarly filed a motion for leave to seal certain documents associated with its opposition. Dkt. No. 136. On December 1, 2022, the Court issued an order denying, without prejudice, both LKQ's and Kia's motion to seal. Dkt. No. 134. That same day, Kia filed an updated motion to seal. Dkt. No. 133. Also that same day, counsel for LKQ contacted counsel for Kia and asked Kia to either (1) agree to de-designate the information contained in LKQ's Memorandum in Support and associated exhibits; or (2) file a motion for leave to accept those documents under seal. In response, counsel for Kia informed counsel for LKQ that it would file a motion asking the Court for leave to accept the sealed version of LKQ's memo in support of its motion to compel and Exhibits G, H, and J to the Bregenzer Declaration.

      Good cause exists to grant Kia's Motion to Seal. The above-referenced documents include confidential information that Kia has designated under the Protective Order. Specifically, the above referenced documents include "research, technical, commercial or financial information" that Kia has maintained as confidential. *See* Dkt. 55 ("Protective Order") at 1. For example, Kia's response to Interrogatory No. 11, Exhibit G to the Bregenzer Declaration, contains information regarding Kia's proprietary document management systems and databases. Similarly, Kia's response to Interrogatory No. 2, Exhibit J to the Bregenzer Declaration, contains information regarding Kia's confidential RFQ process for selecting the manufacturer of the products at issue, including dates and recipient companies. Exhibit H to the Bregenzer Declaration includes Kia financial information supporting Kia's argument that it has a domestic industry in the United States. Specifically, Exhibit H contains confidential financial

information regarding's Kia's investments in domestic facilities, domestic equipment, and domestic labor and capital. Finally, Kia's memo in support of its motion to compel includes confidential information from Kia's response to Interrogatory No. 2, as well as additional information regarding metadata associated with Kia documents produced in this case. Kia has consistently maintained the information in these documents as confidential under the Protective Order and granting leave to accept these documents filed in support of LKQ's motion under seal is appropriate.

As noted above, Kia is filing this motion on LKQ's behalf because the confidential information contained in these documents is Kia's confidential information. LKQ does not oppose Kia's motion. In light of the above, Kia respectfully requests that the Court grant its motion to accept the documents listed above under seal.

Dated: December 2, 2022  /s/ *Thomas R. Burns, Jr.*
Paul Bartkowski
Thomas R. Burns, Jr.
Emi Ito Ortiz
Bartkowski PLLC
6803 Whittier Ave. Suite 200A
McLean, Virginia 22101
(571) 533-3581
pbartkowski@bartkowskipllc.com
tburns@bartkowskipllc.com
eortiz@bartkowskipllc.com

Edward J. Naidich
K. Kevin Mun
Guang-Yu Zhu
MEI & MARK LLP
818 18th St. N.W., Suite 410
Washington, D.C. 20006
(888) 860-5678
enaidich@meimark.com
kmun@meimark.com
gzhu@meimark.com

Anne Shaw
SHAW LEGAL SERVICES LTD.
540 W. Briar Pl., Ste. B
Chicago, Il 60657
(773) 453-4861

*Attorneys for Defendants*
*Kia America, Inc. and*
*Kia Corporation*

**CERTIFICATE OF SERVICE**

      I, Anne I. Shaw, being first duly sworn, depose and state that I served the *Defendants' Unopposed Motion to Accept Exhibits in Support of LKQ's Motion to Compel Under Seal* on the parties to whom it is directed, by the CM/ECF filing system on December 2, 2022.

      /s/ Anne I. Shaw