UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KIA MOTORS AMERICA, INC. and KIA MOTORS CORPORATION, <br><br> Defendants. | Case No. 21 C 3166 <br><br> Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiffs' Opposed Motion to Deem Admitted Certain Requests for Admission [142] is granted in part and denied in part. Kia's responses demonstrate a host of improper practices with respect to answering Rule 36 requests for admissions, and leave much to be desired. The Court hopes that Kia, as well as other litigants before this Court, avoid the same errors made in these responses in the future. Kia is ordered to provide responses and amended responses to the Requests for Admission specified below by March 20, 2023.

### I. BACKGROUND

Plaintiffs LKQ Corporation and Keystone Automotive Industries, Inc. (collectively "LKQ") are in the business of importing and selling aftermarket automotive replacement and repair parts. Defendants Kia America, Inc. (previously called Kia Motors America, Inc.) and Kia Corporation (previously called Kia Motors Corporation) (collectively "Kia") manufacture and sell automobiles and automobile parts under the Kia brand in the United States. LKQ filed this patent action seeking declaratory relief, and Kia has asserted counterclaims of alleged infringement. Specifically, LKQ seeks a declaratory judgment that 14 Kia design patents related to headlamps

and taillamps are invalid and/or not infringed. Relevant to this motion, LKQ contends that Kia's asserted patents are invalid, pursuant to 35 U.S.C. § 102(b), because they were publicly disclosed in consumer clinics before the critical date and likely unenforceable due to inequitable conduct because those clinics were not disclosed to the Patent Office. LKQ also contends that Kia's practice of filing multiple patents covering similar designs supports LKQ's noninfringement arguments. Kia's counterclaims assert that LKQ infringes 23 Kia design patents relating to headlamps and taillamps.

During discovery, LKQ issued Requests for Admission ("RFAs") to Kia. Broadly, the RFAs at issue relate to the following three topics: (1) the reasons Kia conducted certain consumer clinics; (2) disclosure of the consumer clinics at issue in this case to specified Kia attorneys and their employees; and (3) whether certain asserted patents are "patentably distinct" over other non-asserted patents. Kia asserted objections on several grounds to each set of RFAs and based on its objections, denied the first two sets of RFAs. LKQ now moves the Court to determine the sufficiency of Kia's objections and denials based on those objections under Federal Rule of Civil Procedure 36(a)(6). LKQ requests that its RFAs be deemed admitted or in the alternative, Kia be compelled to serve amended responses.

## II. DISCUSSION

Federal Rule of Civil Procedure 36 governs requests for admission. Rule 36(a) allows "[a] party [to] serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The answering party can answer the request or object to it. Fed. R. Civ. P. 36(a)(3), (a)(5). The answer can either: (1) admit the matter, (2) deny the matter, or (3) "state in detail why" the party "cannot truthfully admit or deny," and if lack of knowledge or

2

information is asserted as a reason for not admitting or denying, the answering party must state that after reasonable inquiry, "the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The requesting party can challenge the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). If challenged, the objecting party bears the burden of justifying its objections. *Ag Fur Industrielle Elektronik Agie v. Mitsubishi Intern. Corp.*, 1986 WL 8467, at *1 (N.D. Ill. July 31, 1986); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) ("The burden is on the objecting party to persuade the court that there is a justification for the objection."). "Unless the court finds an objection justified, it must order that an answer be served." *Id.* Finally, as with all discovery matters, the Court has significant discretion in ruling on a motion under Rule 36(a)(6). *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No.* 502, 2021 WL 1165089, at *2 (N.D. Ill. March 25, 2021); *Reitz v. Creighton*, 2019 WL 5798680, at *2 (N.D. Ill. Nov. 7, 2019).

**A.      Requests for Admission Regarding Public Use**

LKQ first seeks an order deeming RFA Nos. 1108-1112, 1147-1151, 1186-1190, 1221-1225, 1256-1260, 1291-1295, 1326-1330, 1361-1365, 1396-1400, 1431-1435, 1466-1470, 1501-1505, 1536-1540, and 1571-1575 ("Public Use RFAs") admitted or requiring a substantive answer. LKQ's Public Use RFAs consist of five types of RFAs which each ask Kia to admit that a consumer clinic "related to" one of Kia's commercial vehicle designs had a particular purpose, such as to: (1) receive consumer feedback about the designs shown to the clinic participants at that clinic; (2) determine whether or not the vehicle was sellable; (3) determine the purchase intent of consumers; (4) determine whether potential consumers would buy the vehicle and how much they would pay for it; or (5) gauge consumer reaction to the vehicle's design. Doc. 146-1. LKQ argues that these RFAs are relevant to its claim of invalidity due to public use because they address whether or not

3

Kia's designs were "publicly used" or "commercially exploited." *See* Doc. 145 at 9. LKQ asserts that the commercial exploitation of Kia's designs at its consumer clinics is an invalidating public use under 35 U.S.C. § 102(b). With regard to LKQ's Public Use RFAs, Kia objected followed by denials based on its objections. Doc.146-1.

As an initial matter, LKQ argues that Kia's denials based on its objections are improper responses to RFAs. Kia asserted objections on several grounds to each of the Public Use RFAs. One example is RFA No. 1108 and Kia's response:

> Request for Admission No. 1108: One of the purposes for the December 3-5, 2010 consumer clinic related to the 2014-16 Forte (YD) was to receive consumer feedback about the designs shown to the clinic participants at that clinic.

> Response to RFA No. 1108: In addition to the General Objections, Kia specifically objects to this Request as vague, ambiguous, and calling for information which is neither relevant to any claim or defense of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Kia further objects to this Request as vague and ambiguous as to the phrases "one of the purposes," "related to," and "consumer feedback about the designs shown to the clinic participants at that clinic." Kia objects to this Request as overly broad, unduly burdensome, and improper in that it seeks information more appropriately sought through other means of discovery, including through depositions. Kia further objects to this Request as overly broad, unduly burdensome, and not relevant in that it seeks information about "designs shown" without specificity as to whether those are designs are covered by the Asserted Patents.

Doc. 146-1 at 4-5. Despite its objections, however, for RFA No. 1108 and each of the Public Use RFAs, Kia stated: **"Based on these objections, Kia denies this Request."** *Id*. at 5 (emphasis added).

The Court finds that Kia's denials based on a list of objections is not permitted by the plain language of Rule 36 and frustrates the overall purpose of the rule. Starting with the text of Rule 36, the rule requires an answering party to either answer the RFA or object, *not both*. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party to whom the request is directed serves . . . a written answer *or* objection.") (emphasis added). A requesting party may then move the court

4

"to determine the sufficiency of an answer *or* objection." Fed. R. Civ. P. 36(a)(6) (emphasis added). Thus, "a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices." *Mann v. Island Resorts Development, Inc.*, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009); *Tardif v. People for the Ethical Treatment of Animals*, 2011 WL 1627165, at *2 (M.D. Fla. April 29, 2011) ("[t]here is either a sustainable objection to a question or request or there is not."). In addition, Kia's denials based on its objections do not meet the specificity requirement of the rule. Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it."); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2260 (3d ed.) ("It is expected that denials will be forthright, specific, and unconditional."). Moreover, "[a] denial must fairly respond to the substance of the matter[.]" Fed. R. Civ. P. 36(a)(4). A denial that is "based on" an objection to the entire request to admit is nonsensical as it does not respond to the substance of the matter.

Moreover, while Rule 36 is unambiguous and clearly bars Kia's RFA responses, the Court also notes that permitting an answer accompanied by an objection would be inconsistent with the purpose of the rule. Rule 36 is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir.1987).[1] When a responding party answers a RFA "based on," "subject to," or "without waiving," its objections, the requesting party is left uncertain as to whether the request has been fully answered or whether only a portion of the request has been answered. Did the responding party actually deny the request because it disputes the facts identified in the request? Did the party deny it because one of the words was vague? If it

---

[1] *See also* Fed. R. Civ. P. 36 advisory committee note to 1970 amendment ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

wasn't for the objection, would there have been an admission? Who knows? This is exactly why a full objection to the request followed by a denial is of no value to requesting party. More specifically, the requesting party is unable to determine whether it must spend the time and expense to prove the matter on which it requested an admission. Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2252 (3d ed.) ("If a point is conceded, litigants need not expend effort in investigations concerning it nor incur the expense in presenting evidence to prove it."). As the Advisory Committee Notes to Rule 36 make clear, "[u]nless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Thus, given the plain language and purpose of Rule 36, the Court concludes that an objection to a RFA followed by an answer "based on, " subject to," or "without waiving" the objection is not authorized and undermines the proper use of RFAs, which is to "save time and expense by narrowing the issues to be tried." *Robinson v. Stanley*, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009); *Aprile Horse Transp., Inc. v. Prestige Delivery Systems, Inc.*, 2015 WL 4068457, *2-3 (W.D. Ky. July 2, 2015) (holding improper defendant's answers to requests for admissions "without waiving" its objections because "[t]hat practice has no basis in [] Rule 36 and would avoid the rule's narrowing-of-issues goal."). In sum, Kia's denials "based on [its] objections" were improper under Rule 36.[2]

To be clear, however, the Court is not suggesting that an answering party cannot assert an objection to part of a RFA and still answer the remainder of the RFA, if appropriate. On the

---

[2] The Court acknowledges that another case within this district found that a defendant's answers to RFAs subject to multiple objections was a "proper and common" practice. *Thermapure, Inc. v. Giersten Co. of Illinois, inc.*, 2013 WL 1222330, at *2-3 (N.D. Ill. March 25, 2013). While the Court agrees that it is a common practice among many practitioners to assert objections and then answer based on their objections, this practice is simply improper as it has no basis in the text and undermines the purpose of Rule 36. The *Thermapure* court did not analyze the text or purpose of Rule 36, so the Court finds it unpersuasive.

contrary, "[i]f a responding party objects to a particular portion of the request, the response should specifically state the portion of the request to which the responding party objects, and the responding party should properly and unambiguously answer the portion of the request to which the objection to does not apply." 7 *Moore's Federal Practice*, § 36.11[5][c] (3d ed.). In other words, Rule 36 allows a responding party to object to part of a RFA and answer the other part of the RFA that is not objectionable. Under this approach, it must be clear from the objection(s) and answer which part of a RFA the responding party was objecting to and it must answer the non-objectionable portions. What a party *cannot do*, but which Kia *did*, was serve objections to all of the RFA and "[b]ased on these objections," deny the RFA as a whole.

One final point bears mentioning. Not only did Kia provide specific objections and then purport to substantively answer the RFAs, but it also incorporated General Objections at the outset of its responses. General objections that recite boilerplate language is another common discovery practice that is completely improper. Indeed, many courts have lamented General Objections and discussed their death after the 2015 amendments to the Federal Rules of Civil Procedure requiring objections that were specific to each document production request. Fed. R. Civ. P. 34(b)(2)(B) (objections to document production requests must "state with specificity the grounds for objecting to the request, including the reasons"); *Vera Bradley Designs, Inc. v. Aixin Li*, 2021 WL 780718, at *3 (N.D. Ill. Mar. 1, 2021) ("court after court has rejected [] unadorned boilerplate 'objections' as tantamount to no objections at all.") (collecting cases); *H Guys, LLC v. Halal Guys Franchise, Inc.*, 2020 WL 3578026, at *4 (N.D. Ill. July 1, 2020) (noting the "religiously followed rule that boilerplate, unexplained objections are essentially entitled to no weight."); *Gevas v. Dunlop*, 2020 WL 814875, at *3 (N.D. Ill. Feb. 19, 2020) (boilerplate objections are "tantamount to not making any objection at all."); *CapRate Events, LLC v. Knobloch*, 2018WL 4378167, at *2 (E.D. N.Y.

7

Apr. 18, 2018) ("The 2015 Amendments to the Federal Rules no longer permits global, generalized objections to each request."); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendments (restoration of the "proportionality calculation to Rule 26(b)(1)" was "not intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Yet, old habits die hard, and they seem to live on in discovery exchanged between the parties, outside the purview of Courts—until, of course there is a dispute requiring motion practice. In sum, Kia's responses to the Requests to Admit demonstrate outdated and disfavored discovery practices. Kia's boilerplate objections are stricken. *Breuder*, 2021 WL 1165089, at *4. ("It is well-settled that such boilerplate objections which are not backed up with any reason or justification are unfounded and should be stricken.") (internal quotes omitted).

Having found Kia's conditional denials to LKQ's Public Use RFAs improper, the Court turns to its specific objections. Kia raised multiple objections to the Public Use RFAs, but in its response to the motion has abandoned its earlier objections by failing to raise these objections or develop arguments regarding such objections. Although Kia's opposition brief reasserts that LKQ's Public Use RFAs are vague and ambiguous, it has not developed that argument. Doc. 154 at 9-10. Kia's brief does not explain which language is "vague" or "ambiguous" and the Court considers this undeveloped argument waived. *See John K. MacIver Inst. for Pub. Policy, Inc. v. Evers*, 994 F.3d 602, 614 (7th Cir. 2021) ("A party who does not sufficiently develop an issue or argument forfeits it."). Indeed, the fact that Kia so quickly abandons its specific objections in the responses further demonstrates that these were boilerplate provisions that simply have no place in modern discovery practice. Kia's vague and ambiguous objections are, therefore, overruled. Kia does not reassert any of the other objections it originally asserted to the Public Use RFAs, which

operates as an abandonment of those objections. *Donald v. Outlaw*, 2021 WL 1560814, at *6 (N.D. Ind. Apr. 21, 2021); *Anaya v. Birck*, 2022 WL 1523640, at *4 n. 3 (N.D. Ill. May 13, 2022); *Belcastro v. United Airlines, Inc.*, 2019 WL 1651709, at *5 (N.D. Ill. Apr. 17, 2019), objections overruled, 2020 WL 1248343 (N.D. Ill. Mar. 15, 2020).

Instead of reasserting its objections, Kia, for the time in its response brief, objects that the Public Use RFAs are "objectionable because they are not written simply and directly in a manner that can be readily admitted or denied." Doc. 154 at 6. Kia did not assert this as an objection in Kia's responses to the Public Use RFAs. Rule 36(a)(5) states that "[t]he grounds for objecting to a request must be stated" and responses are due within 30 days after being served with the RFAs. Fed. R. Civ. P. 36(a)(3), (5). Kia offers no justification for failing to offer this objection in a timely manner. Courts have held that failure to raise an objection in response to a RFA results in waiver even though Rule 36, unlike Rule 33(b)(4), does not contain an express waiver provision. *See Prodox, LLC v. Professional Document Services, Inc.*, 2021 WL 5370236, at *2, n.2 (D. Nev. Nov. 16, 2021); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. Mar. 20, 2012); *C&C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *2 (N.D. Cal. Feb. 28, 2011); *Avante Intern. Technology, Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *1 (S.D. Ill. May 14, 2008). Applying this rule, Kia's newly asserted "simple and direct" objection is also waived.

Even if Kia's "simple and direct" objection was not waived, Kia's objection lacks merit. Kia correctly argues that "requests for admission must be simple, direct and concise so they may be admitted or denied with little or no explanation or qualification." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008); *United Coal Co. v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988) ("the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or

9

qualification.") (internal quotes omitted). But here the Public Use RFAs contain simple, direct, and concise statements of fact. For example, RFA No. 1111 asks Kia to admit that: "One of the purposes for the December 3-5, 2010 consumer clinic related to the 2014-16 Forte (YD) was to determine whether potential consumers would buy the vehicle and how much they would pay for it." Doc. 146-1 at 6. This Public Use RFA, like each of the others, lists (1) a specific clinic with a specific date, (2) a specific vehicle with model years, and (3) a specific purpose of the clinic. Kia argues that LKQ's requests are not simple and direct so they can be readily admitted or denied without explanation, but Kia does not state what explanation is required before the Public Use RFAs can be fairly answered. Moreover, Rule 36(a)(4) allows a party to "qualify an answer or deny only a part of a matter" when "good faith requires." Fed. R. Civ. P. 36(a)(4). Despite this allowance for qualification of an answer, Kia denied the requests without explanation or qualification. Consequently, the Court finds that Kia's "simple and direct" objection is not well-taken.[3]

---

[3] Kia's other argument relating to RFA No. 1111 seeks to demonstrate that it is entitled to deny the RFA. Kia states that it denied RFA No. 1111 because vehicles that are displayed at consumer clinics are developmental vehicles, that changes are made to the design of the developmental vehicles after the consumer clinics are held and before the developmental vehicles are commercialized, and that patent protection is sought on the design of the final commercial, mass-produced vehicle. Doc. 154 at 9; Doc. 154-2 at 3-4. Absent its objections, LKQ suggests that Kia cannot truthfully deny the Public Use RFAs because LKQ has obtained evidence demonstrating that Kia conducts its clinics for a variety of purposes that constitute invalidating commercial exploitation. Doc. 160 at 6-7. "However, a motion regarding sufficiency is not the proper vehicle to resolve whether a response is factually correct, as Rule 36 does not authorize a court to determine the accuracy of an unequivocal denial of a request." *Johnson v. Bosman Trucking, Inc.*, 2021 WL 4498653, at *2 (N.D. Ill. Jan. 14, 2021). Moreover, "[i]f a party fails to admit a fact that is ultimately proven at trial, the opposing party's remedy is to seek sanctions after trial for the expenses of proving that fact." *Id*; Fed. R. Civ. P. 37(c)(2); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) (explaining that "the propounding party may not challenge the denial on the ground that it is unsupported by the evidence. In that circumstance, however, the propounding party may be awarded the costs of making proof as a sanction.)"; *see also* Fed. R. Civ. P. 26(g)(3).

Accordingly, Kia's objections to the Public Use RFAs are overruled and it must submit amended responses to these RFAs admitting, denying, or stating in detail why it cannot truthfully admit or deny in accordance with Rule 36(a)(4).

**B.      Requests for Admission Nos. 1004-1036**

LKQ's RFA Nos. 1004-1036 consist of two similar types of RFAs.  First, LKQ asks Kia to admit that it never informed the attorneys involved in prosecuting the Patents-in-Suit of certain Kia consumer clinics.  By way of example, RFA No. 1004 asks Kia to admit that "Kia never informed Kongsik Kim of the December 3-5, 2010 clinic related to the YD model Kia Forte." Doc. 146-2 at 4.  Second, LKQ asks Kia to admit that it never informed any outside attorney or employee of an outside attorney of certain consumer clinics prior to the issuance of the Patents-in-Suit.  RFA 1008 asks: "Prior to the issuance of U.S. Design Patent No. D709,219, Kia never informed any outside attorney, or employee of an outside attorney, of the December 3-5, 2010 clinic related to the YD model Kia Forte." *Id*. at 6.  As for relevancy, LKQ asserts each clinic that is the subject of RFAs 1004-1036 is an invalidating public use inasmuch as each clinic disclosed the claimed designs more than a year before Kia sough patent protection for those designs. Doc. 143 at 12-13. Kia does not dispute that the RFAs are relevant to LKQ's inequitable conduct claim premised on Kia's alleged failure to disclose its clinics to the United States Patent Office.

For its part, Kia responds that it properly denied these RFAs after conducting a reasonable inquiry and also objects on the ground that the RFAs are improper for requiring Kia to prove a negative.  With this one exception, Kia does not reassert any of its earlier objections to these RFAs in response to LKQ's motion.[4]  Accordingly, the Court deems these previously raised objections

---

[4]     In its Responses to the RFAs, Kia set forth a number of objections to these RFAs, including that they are vague, ambiguous, overly broad, unduly burdensome, and call for information which is neither relevant to any claim or defense of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Doc. 146-2.

11

abandoned. Kia does, however, reassert its objection that each of these RFAs is "improper in that it does not seek the admission or denial of an affirmative, verifiable fact but rather seeks the admission or denial of a negative fact." Doc. 146-2.

Again, the Court rejects Kia's argument that it properly denied these RFAs "based on [its] objections." Doc. 146-2. The Court also rejects Kia's position the RFAs are "improper for requiring Kia to prove a negative." Doc. 154 at 12. Rule 36 requires an answering party to make a "reasonable inquiry" with respect to information it "can readily obtain." Fed. R. Civ. P. 36(a)(4). Contrary to Kia's argument, a request for admission is not objectionable simply because it asks for a party to admit that it did not notify a person of a fact. There is no language in Rule 36 or the advisory committee notes that limits RFAs to positively phrased requests. If the RFA is otherwise proper, seeking an admission about a negative fact is allowed. Moreover, courts have ordered responses to similar negatively phrased RFAs in various contexts.[5] The Court also notes that *Makaeff v. Trump Univ., LLC*, 2014 WL 3490356, at *9 (S.D. Cal. July 11, 2014), cited by Kia,

---

[5] *See e.g.*, *Diamond Services Management Co., LLC v. C&C Jewelry Manufacturing, Inc.* 2021 WL 4258800, at *5 (N.D. Ill. May 11, 2021) (ordering plaintiffs to answer request to admit asking them to "admit or deny that they failed to tell" defendant that they believed "the '734 Patent's priority date was April 28, 2003"); *Boudreau v. Smith*, 2019 WL 5417744, at *3 (D. Conn. Oct. 22, 2019) (holding requests to admit which asked defendant to "Admit that you did not notify your supervisor [or Doug Smith] that Plaintiff had been bitten by Canine Joker" was proper); *Paramount Financial Communications, Inc. v. Broadridge Investor Communication Solutions, Inc.*, 2017 WL 495784, at *4 (E.D. Pa. Feb. 7, 2017) (overruling objections and ordering defendant to respond to request to admit asking defendant to admit that "it did not notify plaintiffs of any election to terminate the Marketing Agreement upon sixty days' advance written notice."); *Aguirre v. City of Los Angeles*, 2015 WL 12746233, at *7 (C.D. Cal. May 15, 2015) (ordering plaintiff to serve supplemental responses to requests to admit asking "[p]laintiff to admit that when he worked overtime without submitting an overtime report, he did not notify a supervisor or commanding officer of his failure to do so."); *Kendall State Bank v. West Point Underwriters, LLC*, 2012 WL 4933307, at *3 (D. Kan. Oct. 16, 2012) (overruling defendant's objections and ordering it to respond to request to admit asking defendant to "[a]dmit that [it] did not notify the Arbitrator that [it] has made payments on the Loan to Kendall Bank since about September 11, 2008."); *Fanslow v. Chicago Manufacturing Center, Inc.*, 2005 WL 8178825, at *5 (N.D. Ill. May 23, 2005) (ordering defendant to answer request to admit asking: "Admit that prior to January 2001, Demetria Giannisis did not tell [] any government official, agency, or department that [defendant] was providing resources to MFR.Net.").

did not hold that requests to admit which ask for admission or denial of a negative are *per se* improper, only that an interrogatory which required defendants "to prove a negative and show that the Trump Promotional Video, Mr. Trump's personal image, and no quotes or statements attributed to Mr. Trump were played at thousands of events across the country over a period of years" was overly burdensome. Here, Kia did not state that it was unable to admit or deny any of LKQ's RFA Nos. 1004-1036 after its reasonable inquiry and it has abandoned its burdensomeness objection.[6]

Based on the foregoing, the Court finds that Kia has not met its burden of demonstrating that its "negative fact" objection is justified, and that objection is overruled.

## C.  Requests for Admission Nos. 1686-1703

LKQ's RFA Nos. 1686-1703 generally ask Kia to compare two of its patents—one of the asserted patents and another Kia patent that is allegedly substantially the same—and admit that those two patents are patentably distinct. In particular, LKQ's RFA Nos. 1686-1703 ask Kia to admit that "[t]he difference(s) between the claimed design of [an Asserted Patent] and claimed design of [a Non-Asserted Patent] is sufficient to render each claimed design patentably distinct." Doc. 144-6. LKQ argues that these RFAs are relevant to its non-infringement defenses. According to LKQ, to the extent Kia admits RFA Nos. 1686-1703, this admission will allow LKQ to argue

---

[6] The other cases cited by Kia are distinguishable because they did not deal with a request to admit that a party did not do something. *Reece v. Basi*, 2014 WL 2565986, at *5 (E.D. Cal. June 6, 2014), involved a motion to compel documents that supported defendant's contention that he was "not plaintiff's primary care provider" on a certain date. The magistrate judge found that defendant was "unlikely to have documents proving that negative" because he "evidently does not contend that he was not plaintiff's primary care provider" on that date. *Id*. Instead, the magistrate judge ordered the defendant to produce all documents that demonstrated that he was plaintiff's primary care provider on that same date. *Id*. Further, in *OMG Fid. Inc. v. Sirius Technology, Inc.*, 2007 WL 1994230, at *1 (N.D. Cal. July 5, 2007), a trade secret theft case, the court declined to enforce a third-party subpoena seeking information regarding plaintiff's competitors' processes to "show that its competitors do not possess the same information" as the alleged trade secret infringer, "to prove the negative that none of them implicate the plaintiff's own claimed trade secrets." The magistrate judge held that "the filing of a trade secret action should not automatically entitle a plaintiff to wholesale inquiry into the confidential information of all of players in the industry, without regard to whether they are directly involved in the dispute at hand." *Id*.

that it does not infringe because the differences between the Kia asserted patents and the accused products are greater than the differences between the Kia asserted patents and the allegedly patently distinct patents. Kia asserted various objections to these RFAs and then based on its objections, refused to admit or deny these requests. *Id*.

In its response to the motion, Kia does not reassert its earlier objections on the basis of vagueness and ambiguity. The Court deems those objections abandoned and overrules them. Kia does repeat its objections that these RFAs improperly seek a comparison not at issue in this case and "do[] not consist of the application of law to facts but rather is being used to compel an admission of a conclusion of law, which is not permitted under Fed. R. Civ. P. 36." Doc. 144-6.

In its opposition brief, Kia contends that LKQ's RFA Nos. 1686-1703 are objectionable because they request a hypothetical legal conclusion that is irrelevant to any issue in this case. LKQ argues that the RFAs are relevant to its defenses of noninfringement because "if such minor differences are sufficient to justify obtaining another patent, more significant differences like those found in LKQ's lamps are sufficient to justify a finding of nonfringement." Doc. 143 at 13. LKQ further argues that Kia admitted RFA No. 1685 which is identical to RFA Nos. 1686-1703 other than the patents for comparison, demonstrating that Kia's objections to the RFAs at issue are not justified.[7]

Although requests to admit pure legal conclusions are improper, Rule 36(a)(1)(A) permits RFAs relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A); *Abdulqader v. U.S.*, 596 F. App'x 515, 516 (7th Cir. 2015); *see also* Fed. R. Civ. P.

---

[7] In RFA No. 1685, LKQ asks Kia to admit that: "The difference(s) between the claimed design of United States Design Patent No. D709,218 and the claimed design of United States Design Patent No. D709,219 is sufficient to render each claimed design patentably distinct." Doc. 144-6 at 4. Kia does not address LKQ's argument that Kia's answer to this same type of RFA undermines its objections to RFA Nos. 1686-1703.

36 advisory committee's note to 1970 amendment ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."). Thus, for example, a party does not have to answer RFAs seeking an admission that claims of a patent are "invalid" because they seek a "bald legal conclusion that certain patent claims are invalid" and not opinions of fact. *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 94, 96 (N.D. Ind. 1990); *Tulip Computers Intern., B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) (an RFA asking whether a patent is valid or "whether a product or process infringes or whether infringement has occurred" are improper legal conclusions). On the other hand, "requests on mixed matters of law and fact or other legal conclusions that directly relate to the facts of the case are authorized." *Hart v. Dow Chem.*, 1997 WL 627645, at *8 (N. D. Ill. Sept. 30, 1997).

The Court finds Kia's objection not justified. First, the Court rejects Kia's argument that LKQ's RFA Nos. 1686-1703 are irrelevant because LKQ has not asserted any invalidity defenses of double patenting either in its complaint or its invalidity contentions in this case. As LKQ makes clear in its reply brief, it is not alleging double patenting as an invalidity defense. Therefore, Kia's double patenting arguments are irrelevant. Second, the Court finds unavailing Kia's claim that LKQ's RFAs are irrelevant because they seek a comparison not at issue in this case. The comparison in these RFAs is relevant to LKQ's non-infringement arguments. LKQ specifically identified the allegedly patentably distinct patents, including each pairing of design patents sought by LKQ in RFA Nos. 1686-1703, in its non-infringement contentions in this case. Doc. 146-3 at 10.[8] The patently distinct patents are therefore at issue in this case, and RFA's Nos. 1686-1703

---

8      In its Non-Infringement Contentions, LKQ explained its patently distinct argument:

Claims in separate patent applications must be patentably distinct to be patentable. See MANUAL OF PATENT EXAMINING PROCEDURE (MPEP) § 822; see also *Advantek Mktg., Inc. v. Shanghai Walk-Long Tools Co.*, 898 F.3d 1210, 1214 (Fed. Cir. 2018) ("patentably distinct combination/subcombination subject matter must be supported by

15

are designed to establish facts to support LKQ's patently distinct argument and non-infringement defenses. *See Apple*, 2012 WL 952254, at *4-5 (compelling Apple to respond to Samsung's RFAs comparing Apple's asserted design patents and prior art that was identified in Samsung's invalidity contentions because the RFAs addressed the factual issue of whether the patents were anticipated by prior art).[9] Third, the Court finds that RFA Nos. 1686-1703 do not ask for an improper legal conclusion. LKQ does not ask Kia to admit that LKQ does not infringe Kia's patents. Instead,

---

> separate claims, whereas only a single claim is permissible in a design patent application") (emphasis added). As will be discussed further in the attached charts, in numerous instances, Kia sought and obtained design patents on designs that were, with the exception of some minor differences, the same as one or more of the Patents-in-Suit ("Patentably Distinct Patents").... As shown more fully in the attached charts, if the minor differences between the Patents-in-Suit and corresponding Patentably Distinct Patent(s) are sufficient to render a design patentably distinct, as Kia represented to the Patent Office when filing the Patents-in-Suit and the Patentably Distinct Patents, any differences, no matter how minor, identified by LKQ should be sufficient to render each Accused Product corresponding to a Patent-in-Suit that corresponds to a Patentably Distinct Patent noninfringing in light of the numerous differences outlined by LKQ in the attached charts. See *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1057 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011) ("The Primary Examiner's conclusion that the claimed designs are sufficiently dissimilar to each other to warrant separate patents supports the Court's view that the subtle but greater differences between the claimed designs and the accused device require a judgment of non-infringement."); see also *In re Certain Steel Toy Vehicles*, USITC Inv. No. 337-TA-31, Comm'n Op. (Pub. Version) at 60 (Apr. 17, 1978) (finding the accused product did not infringe because the patentee had filed and obtained a design patent that was closer to the claimed design than the accused product).

Doc. 146-3 at 9-11.

[9]      Kia emphasizes that the non-asserted patents in the RFAs are not identified as prior art in LKQ's invalidity contentions and are not even prior art because they were not filed before the corresponding Asserted Patents. Kia therefore appears to argue that *Apple* stands for the proposition that RFAs asking about the similarity of asserted design patents with other design patents is only permissible in the context of an invalidity defense. The Court agrees with LKQ that *Apple's* holding was not so narrow. The *Apple* court permitted the RFAs that "address[ed] factual issues in dispute, particularly whether Apple's asserted design patents are anticipated by prior art patents." *Apple*, 2012 WL 952254, at *4. In contrast, with respect to RFAs that compared two asserted designs or an asserted design to a later-filed Apple design patent, the court held Apple was not required to respond because those issues were not in dispute in that case. *Id.* at *5. At bottom, the *Apple* court's ruling was based on relevance grounds. *Id.* at *4. In this regard, LKQ has sufficiently articulated how comparison of the pair of design patents in each RFA could be relevant to its non-infringement defenses, and Kia has not shown that a comparison of a patent filed after an asserted patent is never relevant in determining non-infringement.

LKQ is asking Kia whether two of its own patents contain patently distinct subject matter. LKQ seeks to confirm Kia's opinion, for example, that "[t]he difference(s) between the claimed design of United States Design Patent No. D785,833 and claimed design of United States Design Patent No. D785,837 is sufficient to render each claimed designed patentably distinct." Doc. 144-6 at 5.[10] In other words, RFA Nos. 1686-1703 properly ask Kia to confirm or deny "the application of law to fact." As such, Kia's objection to RFA Nos. 1686-1703 is overruled. If Kia disagrees with the application of law to fact in the RFAs, it may answer with a denial but it must answer.

### D. Kia's Request to Limit Additional RFAs

Finally, Kia asks the Court to prevent LKQ from serving additional RFAs, arguing that LKQ has "abused the discovery process by already serving 1,719 requests for admission and there are still eight months remaining in discovery." Doc. 154 at 17. Kia's request is denied. First, there is no evidence that LKQ has abused the discovery process. Second, the Court agrees with LKQ that it is improper to move to limit LKQ's RFAs in an opposition brief. *Breuder*, 2021 WL 1165089, at *2 ("the appropriate manner in which to assert an objection regarding the alleged excessive number of RFAs that have been served is by filing a motion for a protective order *before* the RFAs are due to be answered.") (emphasis in original)). Third, "while it is true that RFAs should not be excessive in number and should be tailored in a manner and scope so as to avoid harassment and improper motive, it is equally true that no presumptive limit has ever been set on the number of requests a party can propound." *Id*. (citations and quotes omitted). Accordingly,

---

[10] LKQ stresses that these RFAs simply seek an admission of a fact that Kia has already made to the Patent Office by its very act of filing its patents. *See Apple*, 2012 WL 952254, at *3 ("Samsung argues that the pair-by-pair comparison it seeks is no different from that which Apple already has had to do each time it has submitted one of these designs to the patent office and represented that design to be new and unique— that is, not substantially the same as another patented design.").

the Court denies Kia's request and directs counsel to meet and confer to reach an agreement on an appropriate number of RFAs in discovery.

### III. CONCLUSION

LKQ seeks to have the RFAs at issue admitted or an order compelling Kia to served amended responses. If the Court finds that an answer does not meet the requirements of Rule 36, it "may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "There is no preference in the rule itself as to which remedial measure should be employed first when a party does not comply with Rule 36(a)." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2017 WL 2705426, at *3 (S.D. Cal. June 23, 2017). The Court does not find that deeming the RFAs to which Kia submitted defective responses admitted is warranted at this time as the sanction would be too harsh, and thus exercises its discretion to order Kia to serve amended responses to the first two sets of RFAs. *Breuder*, 2021 WL 1165089, at *10 (warning if plaintiff is "forced to file another motion" regarding his requests for admission, the "Court will not hesitate to deem any non-conforming responses to be admitted."); *Kirby v. O'Dens*, 2015 WL 3455412, at *6 (N.D. Okla. May 29, 2015) (deeming RFAs admitted where plaintiff was "given two opportunities to properly respond and [] failed to do so."). Kia shall provide amended responses to the first two sets of RFAs and responses to the third set of RFAs specified above by March 20, 2023. Accordingly, for all these reasons, Plaintiffs' Opposed Motion to Deem Admitted Certain Requests for Admission [142] is granted in part and denied in part.

**SO ORDERED.**

Dated: March 9, 2023

Sunil R. Harjani
United States Magistrate Judge