IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br>  Plaintiffs, <br> v. <br><br> KIA AMERICA, INC. and KIA CORPORATION, <br><br>  Defendants. | Case No. 21 C 3166 <br><br> Magistrate Judge Sunil R. Harjani |

**ORDER**

    Plaintiffs filed the instant case seeking a declaratory judgment that Defendants' headlight and taillamp design patents were invalid or were not infringed. Defendants filed a counterclaim seeking declaratory judgment that Plaintiffs infringed the patents. Before the Court is Third-Party Joel Gearhardt's Motion to Quash Defendants' Subpoena for Deposition [295]. For the reasons stated below, the motion to quash is denied. Mr. Gearhardt's deposition shall proceed, but with the limitations set forth by the Court outlined below.

**Discussion**

    As a preliminary matter, Defendants' response brief raises the issue of noncompliance with Local Rule 5.6. Doc. [303] at 8-9. Under Local Rule 5.6, the only document a non-party may file without prior approval is a motion to intervene under Federal Rule of Civil Procedure 24. If any other such document is filed, it may be stricken by the Court. L.R. 5.6. However, the Court does "not take an inflexible view of [Rule 24]; if no prejudice would result, a district court has the discretion to accept a procedurally defective motion." *Libertarian Party of Ill. v. Pritzker*, 2020 WL 6600960, at *2 (N.D. Ill. Sept. 10, 2020) (*quoting Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 595 (7th Cir. 1993)). In their reply brief, Mr. Gearhardt now seek leave of court to file a motion to quash. Doc. [307] at 8-9. To simplify matters, the Court finds it unnecessary to strike the motion to quash on procedural grounds, only for it to be refiled shortly thereafter with a motion to intervene. The motion to quash outlines a basis for intervention, which is that Mr. Gearhardt is a non-party former employee of Plaintiffs seeking to quash a deposition subpoena issued to him. *See generally* Doc. [295]. Defendants are aware that the third-party bringing this motion is a former employee of Plaintiffs, represented by Plaintiffs' counsel, who Defendants are seeking to depose. Based on both parties' knowledge of the issue and the lack of surprise or bias, the Court finds no prejudice in considering this motion. Thus, the Court declines to strike the motion under Local Rule 5.6 and instead turns to its merits.

    Mr. Gearhardt moves to quash his August 18, 2023 deposition subpoena under Federal Rule of Procedure 45(d)(3). Rule 45 of the Federal Rules of Civil Procedure governs the issuance

and quashing of subpoenas. The scope of information discoverable by subpoena is "as broad as what is otherwise permitted under Rule 26(b)(1)." *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017) (citation omitted). A proper subpoena may call for "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). In addition, a subpoena may command a person to attend a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Upon a timely motion, Rule 45(d) mandates that the court quash or modify a subpoena if the subpoena "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii-iv). The moving party must establish the impropriety of the subpoena. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). In considering these issues, magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Mr. Gearhardt argues it would create an undue burden for him, a non-party, to sit for a deposition and testify in response to the subpoena. In analyzing undue burden, courts in the Northern District of Illinois apply a four-part balancing test, considering: (1) the person's status as a non-party, (2) the relevance of the discovery sought, (3) the subpoenaing party's need for the information, and (4) the breadth of the request and the burden imposed on the subpoenaed party. *Suture Express, Inc. v. Cardinal Health 200, LLC*, 2014 WL 6478077, at *4 (N.D. Ill. Nov. 18, 2014) (cleaned up) (denying in part motion to quash a non-party Rule 30(b)(6) deposition); *see also Tresóna Multimedia, LLC v. Legg*, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015) (*citing Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. May 6, 2013)).

With respect to the first factor, while Mr. Gearhardt is currently a non-party, he is a former ten-year employee of Plaintiffs and held the position of "Senior Director of MultiChannel and National Accounts" for five of those years. Doc. [295] at 1; Doc. [304-1] at 2-4. He is also represented by Plaintiffs' counsel. Despite Mr. Gearhardt being a non-party not directly involved with this litigation, his prior status as Plaintiffs' employee and knowledge of this dispute as discussed below, together with his representation by attorneys with extensive knowledge of the case, weigh in favor of having him sit for a deposition.

As to the second factor, the Court finds that the discovery sought is relevant to the instant case. Plaintiffs named Mr. Gearhardt as an individual with *the most knowledge* in answering interrogatories about:

(1) Plaintiffs' products that were made, used, offered for sale, sold, or imported (*see* Response to Interrogatory 1, Doc. [304-2] at 10);

(2) the design, manufacturing, assembly, testing, importation, distribution, offer for sale and sale of Plaintiffs' products (*see* Response to Interrogatory 4, Doc. [304-2] at 26);

(3) the manufacturer(s), supplier(s), model numbers, internal names, version numbers, dates of production, and dates of distribution, sale and importation of Plaintiffs' products (*see* Response to Interrogatory 5, Doc. [304-2] at 31);

(4) Plaintiffs' invalidity contentions and the supporting bases regarding the asserted patents (*see* Response to Interrogatory 12, Doc. [304-2] at 97);

(5) Plaintiffs' record management and/or document retention and destruction policies (*see* Response to Interrogatory 18, Doc. [304-2] at 114); and

(6) the gathering and production of documents in response to the discovery requests (*see* Response to Interrogatory 19, Doc. [304-2] at 115).

Thus, Plaintiffs' interrogatory responses indicate Mr. Gearhardt has relevant, non-privileged, information regarding this infringement dispute relating to the products and contentions at issue. *See* Fed. R. Civ. P. 26(b)(1).

As to the third factor, Defendants' need for information, Mr. Gearhardt argues the information sought is of minimal value due to its duplicative and cumulative nature that could be obtained through a different source. Doc. [295] at 9-12; Doc. [307] at 4-8. In support, Mr. Gearhardt cites to *Signal Financial Holdings, LLC v. Looking Glass Financial LLC* and *Little v. JB Pritzker for Governor* for the notion that a third-party subpoena's may be limited "if the information could be obtained from another more convenient source." 2021 WL 4935162, at *1 (N.D. Ill. June 10, 2021); 2020 WL 1939358, at *2 (N.D. Ill. Apr. 22, 2020).[1] Here, Mr. Gearhardt argues the information he possesses could be obtained from other sources. However, it is not for Mr. Gearhardt or Plaintiffs to dictate how Defendants seek to discover information in the case. Witnesses often have different recollections of events and sometimes two witnesses recalling the same events have more evidentiary value than just one. Indeed, Plaintiffs moved to compel the production of *twenty-one inventor witnesses* at Kia, twenty of whom were located outside of the United States, for in-person depositions in the United States. *See generally* Doc. [183]. It is quite likely some of those witnesses had cumulative and duplicative information. But the Court provided Plaintiffs an opportunity to depose those inventors because they had first-hand knowledge about the subject matters at issue. The Court will take the same approach here, particularly in light of the fact that Mr. Gearhardt was disclosed by Plaintiffs as an individual with the most knowledge about the subject matter at issue, and thus does not appear to be a secondary, tangential, or cumulative witness. There certainly may be others with knowledge, even more knowledge as Mr. Gearhardt points out, but that is insufficient to prevent a deposition of one of three people that Plaintiffs identified as most knowledgeable about the subject. Additionally, Mr. Gearhardt's absence on initial disclosures and Plaintiffs' lack of desire to call him at trial is inconsequential; Defendants, of course, may call him in their case. The Court also, as it has in the past, will not quash depositions simply because witnesses have testified in the ITC matter, recognizing the ITC matter involved more narrow issues than those in this case.

Finally, the Court examines the breadth and burden on Mr. Gearhardt. In support of this argument, Mr. Gearhardt requests the Court quash the subpoena because it violates Rule

---

[1] Unlike in *Signal Financial*, where the information was "marginal relevance at best" (2021 WL 4935162, at *3), and *Little*, where plaintiffs had not sufficiently explained the relevance of the information (2020 WL 1939358, at *5), Plaintiffs have admitted Mr. Gearhardt is one of the individuals most knowledgeable on topics pertaining to this case.

45(c)(1)(A). Doc. [295] at 5-9; Doc. [307] at 3-8. Under Rule 45(c)(1)(A) a subpoena may only command a person to attend a deposition within 100 miles of where the individual resides. However, the Court may modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c). Fed. R. Civ. P. 45(d)(3)(a)(ii). Here, the subpoena set the deposition to be taken at Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, California 90017. Doc. [296-9] at 12-14. This is over 2,000 miles from where Mr. Gearhardt resides in Nashville, Tennessee. As Defendants now note, they are willing to take Mr. Gearhardt's deposition either virtually or in-person at a place and time that is convenient to Mr. Gearhardt, including non-working hours or during the weekend. Doc. [303] at 2-5. The Court finds that modifying the subpoena and limiting the deposition in location and manner will mitigate the breadth and burden concerns on Mr. Gearhardt. Subpoenas generally impose a burden on most witnesses, including that they miss work or other important activities for seven hours. Mr. Gearhardt has not shown that the burden here is undue. The Court will permit Mr. Gearhardt to decide whether to hold the deposition in-person or virtually, and if in-person, to select the location within 100 miles of his residence at a place and time that is convenient to him. That information shall be sent to all parties by October 13, 2023. The Court orders the parties to complete the deposition before the fact discovery close date of October 31, 2023.

## Conclusion

For the reasons stated above, the Court denies Third-Party Joel Gearhardt's Motion to Quash Defendants' Subpoena for Deposition [295].

**SO ORDERED.**

Dated: October 11, 2023

Sunil R. Harjani
United States Magistrate Judge