IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KIA AMERICA, INC. and KIA CORPORATION, <br><br> Defendants. | Civil Action No. 1:21-cv-03166 <br><br> Honorable Magistrate Sunil Harjani <br><br><br> **JURY TRIAL DEMANDED** |

**LKQ'S UNOPPOSED MOTION
FOR LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS AND
<u>SERVE SUPPLEMENTAL EXPERT REPORTS</u>**

I. **INTRODUCTION**

On October 23, 2023, LKQ filed a motion to compel seeking, *inter alia*, production of documents regarding FMVSS 108. Dkt. Nos. 320, 331, 340. On November 17, 2023, the Court granted LKQ's motion, compelling Kia to produce the aforementioned documents. On December 4 and December 6, 2023, Kia made its Court-ordered production. That production included, among other things, FMVSS testing, communications, and compliance documents ("FMVSS Documents"). Accordingly, the instant motion seeks leave for LKQ to incorporate certain elements of Kia's December 4 and 6 productions into its (1) supplemental invalidity contentions and (2) supplemental invalidity expert reports by Michael Nranian and Robert Bauer.

Specifically, LKQ hereby respectfully request leave to supplement its invalidity contentions and to serve supplemental expert reports of Michael Nranian and Robert Bauer to include an analysis of:

(1) How the recently produced FMVSS Documents support LKQ's pre-existing functionality arguments.

(2) How the recently produced FMVSS Documents support LKQ's pre-existing obviousness arguments.

***Kia does not oppose LKQ's motion.*** On December 8, 2023, LKQ informed Kia that it intended to seek leave to supplement its invalidity contentions and to serve supplemental expert reports. Zhang Dec. ¶ 4, Ex. 1. On December 12, 2023, the parties met and conferred, and Kia agreed that it would not oppose LKQ's request to supplement its invalidity contentions and expert reports based on the FMVSS Documents that Kia had produced on December 4 and December 6, 2023. *Id.*

On December 22, 2023, counsel for both parties agreed upon a schedule for service of the expert reports:

1

LKQ's supplemental invalidity contentions and expert reports: January 10, 2023.

Kia's supplemental rebuttal expert reports: January 17, 2023.

*Id.* Accordingly, LKQ respectfully requests that this Court grant LKQ's motion for leave to serve supplemental invalidity contentions and expert reports.

## II. ARGUMENT

### A. Legal Standard.

Supplementation of both LKQ's invalidity contentions and expert reports requires a showing of good cause.[1] Courts in this district have required a showing of good cause to be "a valid basis for amendment exists but also that the party seeking leave to amend acted diligently." *See Olesky v. Gen. Elec. Co.*, 2013 WL 3944174, at *2 (N.D. Ill. July 31, 2013) (citing *Thermapure, Inc. v. Giertsen Co. of Illinois*, 2012 WL 6196912, at *1 (N.D. Ill. Dec. 11, 2012); *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012)). Further, a party seeking to amend must demonstrate that the opposing party would not be prejudiced. *Id.*

### B. Good Cause Exists to Supplement with the FMVSS 108 Documents.

Regarding LKQ's Supplemental Invalidity Contentions and expert reports that Kia has

---

[1] Local Patent Rule 5.3 provides that "supplementation to expert reports after the deadlines provided herein are presumptively prejudicial and shall not be allowed absent prior leave of court upon a showing of good cause that the amendment or supplementation could not reasonably have been made earlier and that the opposing party is not unfairly prejudiced." LPR 5.3. The parties agree that the Local Patent Rules do not apply here as this is a design patent case and the Local Patent Rules apply to utility patent cases. *See, e.g.*, Dkt. No. 97. Indeed, to the extent that the Local Patent Rules do not apply, supplementation may be served without leave. *See, e.g., Noffsinger v. Valspar Corp.*, 2012 WL 5948929 at *2 (N.D. Ill. Nov. 27, 2012) ("Noffsinger incorrectly posits that Valspar is required to seek leave of court before supplementation . . . Supplementation, when required by Rule 26(e), is a *duty* . . . Rule 26(e) does not require that a party obtain leave of court before serving a true supplementation") (citations omitted). Notwithstanding, LKQ demonstrates, herein, that good cause exists for supplementation, and Kia will not be unfairly prejudiced by the supplements.

agreed to, Kia has only recently produced the relevant discovery, on December 4 and 6, 2023, as compelled by the Court. *See, e.g.*, Dkt. No. 320. These newly-produced documents include evidence supporting (1) Mr. Nranian's opinion that several of the design features are functional, and (2) Mr. Bauer's opinion that several of the design features present on Kia lamps were known in the art and well within the skill of a designer of ordinary skill. These are arguments that both Mr. Bauer and Mr. Nranian already made in their initial expert reports, and LKQ merely seeks to add these documents as further evidence in support of those previously stated opinions. *See, e.g., Golden Hour Data*, 2008 WL 2622794, at *4 (granting a motion for leave to amend invalidity contentions in part because movant's "amendments do not raise new issues but instead merely supplement its initial contentions, [so nonmovant] was already on notice regarding the substance of [movant's] proposed amendments.")

Further, LKQ diligently sought discovery and then promptly moved to supplement after receiving these documents. *See Thermapure, Inc. v. Giersten Co. of Illinois*, 2012 WL 6196912 at *3 (N.D. Ill. Dec. 11, 2012) ("[movant] inquired into these topics, however, it did not receive a forthright response . . . [a]fter learning about [the new information], [movant] timely filed a motion seeking leave to amend . . . The court concludes that [movant] acted with the requisite diligence") (citing *Coopervision, Inc. v. Ciba Vision Corp.*, 480 F.Supp.2d 884, 889 (E.D. Tex. 2007) ("A party that fails to disclose information in a timely manner has little room to complain that the opposing party is tardy. This factor weighs in favor of allowing [the movant] to amend its [Invalidity] Contentions.")). *See also Advanced Micro Devices, Inc. v. Samsung Elecs. Co.*, 2009 WL 890515, at *2 (N.D. Cal. Apr. 1, 2009) (granting leave to supplement invalidity contentions where evidence was newly discovered through depositions of the named inventor before the "Court has . . . made any substantive rulings").

3

And as previously mentioned, Kia has agreed to allow LKQ to supplement its invalidity contentions and supplement its expert reports on the above grounds. Zhang Dec. ¶ 4, Ex. 1. Accordingly, LKQ has been diligent in seeking its discovery and, as Kia has acknowledged through its consent, Kia will not be prejudiced by these supplementations.

### III. CONCLUSION

For the reasons set forth herein, LKQ respectfully requests that the Court grant LKQ's Motion for Leave to Supplement its Invalidity Contentions and Serve Supplemental Expert Reports.

Dated: December 22, 2023

Respectfully submitted,

*/s/ Jason J. Keener*
Barry F. Irwin, P.C.
Michael P. Bregenzer
Jason J. Keener
Reid P. Huefner
Daniel Zhang
IRWIN IP LLP
150 N. Wacker Dr
Suite 700
Chicago, IL 60606
(312) 667-6080
birwin@irwinip.com
mbregenzer@irwinip.com
jkeener@irwinip.com
rhuefner@irwinip.com
dzhang@irwinip.com

*Attorneys for LKQ Corporation & Keystone Automotive Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via ECF on December 22, 2023 upon all counsel of record.

*/s/ Gloria Rios*
Gloria Rios