# EXHIBIT 4

## Ari Wugalter

**From:** Robyn Bowland <rbowland@irwinip.com>
**Sent:** Monday, March 4, 2024 5:57 PM
**To:** Kevin Jang; Kia-NDIL-IIP
**Cc:** QE-KIA-LKQ
**Subject:** RE: LKQ/Kia: Holt production

**[EXTERNAL EMAIL from rbowland@irwinip.com]**

Kevin,

Following up on our meet and confer on Friday. LKQ is confident in our positions regarding both Mr. Schiavone's "errata" and Ms. Holt's working papers. Therefore, we cannot accept your offer for both parties to withdraw their respective objections to these materials or for Kia to withdraw the errata in exchange for LKQ withdrawing Ms. Holt's working papers.

Regards,

Robyn M. Bowland

**Irwin IP LLP**
Intellectual Property Litigation
150 North Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6284 | Mobile 574.309.4151
rbowland@irwinip.com | www.irwinip.com

**From:** Kevin Jang <kevinjang@quinnemanuel.com>
**Sent:** Thursday, February 29, 2024 4:20 PM
**To:** Robyn Bowland <rbowland@irwinip.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

//EXTERNAL//
Hi Robyn, I just sent the calendar invite for that time. Talk to you soon.

Best,
Kevin

**From:** Robyn Bowland <rbowland@irwinip.com>
**Sent:** Thursday, February 29, 2024 2:16 PM
**To:** Kevin Jang <kevinjang@quinnemanuel.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

**[EXTERNAL EMAIL from rbowland@irwinip.com]**

Kevin,

LKQ is available to meet and confer tomorrow, March 1st at 4 pm Central.

Thanks,

Robyn M. Bowland

**Irwin IP LLP**
Intellectual Property Litigation
150 North Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6284 | Mobile 574.309.4151
rbowland@irwinip.com | www.irwinip.com

---

**From:** Kevin Jang <kevinjang@quinnemanuel.com>
**Sent:** Wednesday, February 28, 2024 1:21 PM
**To:** Robyn Bowland <rbowland@irwinip.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

//EXTERNAL//
Robyn,

As we explained, the computations for the detailed expenses are new opinions and calculations that were not provided in Ms. Holt's report. Ms. Holt's report does not contain any discussions about the computations at issue or why those numbers are even needed. That the new computations may add up to the same total sum as in Ms. Holt's report doesn't change the fact that the worksheets provide new conclusions about what the underlying individual expenses are.

Mr. Schiavone's February 16 Materials Considered, provided at your request, identifies the materials Mr. Schiavone considered in forming his opinions. It lists the citations consistent with the materials already identified in Mr. Schiavone's original Materials Considered and does not inject any new opinions.

If LKQ will make an offer concerning mutual withdrawal without prejudice, please do so today. Otherwise, please let us know your availability to meet and confer tomorrow or Friday.

Best,
Kevin Jang

---

**From:** Robyn Bowland <rbowland@irwinip.com>
**Sent:** Tuesday, February 27, 2024 6:52 PM
**To:** Kevin Jang <kevinjang@quinnemanuel.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

**[EXTERNAL EMAIL from rbowland@irwinip.com]**

---

Kevin,

As Ms. Holt testified during her deposition, the calculations shown in her worksheets are not new opinions or calculations. In fact, as discussed during her deposition, the same calculations can be performed using the Exhibits to Ms. Holt's expert report. To be clear, Ms. Holt's working papers do not change the calculations she performed or the numbers she arrived at. So, these are not new opinions as claimed by Kia. In light of this, please explain what, precisely, Kia seeks to preclude Ms. Holt from testifying about at trial so we can properly consider your offer below.

Indeed, your argument regarding Ms. Holt's working papers seems more analogous to the situation regarding Kia's untimely disclosure of Mr. Schiavone's "materials considered." The main difference being that Mr. Schiavone's materials considered were required by court order and FRCP 26(a)(2)(B)(ii) to be disclosed on November 9, 2023, whereas Ms. Holt was not required to disclose her work papers at all. Please explain why Kia believes LKQ should not move to strike Mr. Schiavone's February 16, 2024 supplement to Mr. Schiavone's report?

Additionally, while we are still considering your offer, we do not agree that Mr. Schiavone's "errata" did not inject new opinions into the case. As discussed in our motion to strike, Mr. Schiavone's errata injected 34 new infringement opinions for 34 new products into this case. In contrast, as discussed above, Ms. Holt's expert report already encompasses the calculations shown in her working papers.

Regards,

Robyn M. Bowland

**Irwin IP LLP**
Intellectual Property Litigation
150 North Wacker Drive | Suite 700 | Chicago, IL 60606
Direct 312.667.6284 | Mobile 574.309.4151
rbowland@irwinip.com | www.irwinip.com

---

**From:** Kevin Jang <kevinjang@quinnemanuel.com>
**Sent:** Monday, February 26, 2024 3:37 PM
**To:** Robyn Bowland <rbowland@irwinip.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

//EXTERNAL//
Robyn,

Ms. Holt's worksheets expand her opinions by providing computations for sub-categories that were not provided in her report. As one example, the computations for selling, distribution, and WH expenses on worksheet 1.1 were not in Ms. Holt's report. Same issue with the new dollar figures shown for the labor, travel, professional fees, and other sub-G&A expenses on worksheet 1.2. These new details are propagated throughout Ms. Holt's worksheets.

There is no contradiction in our position with respect to Mr. Schiavone's errata. As explained multiple times, the contested paragraphs in Mr. Schiavone's errata do not provide any new information.

Regarding your last question, if LKQ will withdraw Ms. Holt's worksheets in exchange for Kia withdrawing the contested paragraphs (i.e., paragraphs 12 and 13) of Ms. Schiavone's errata without prejudice to both parties, we will favorably consider that. But we request that LKQ first provide us a formal offer.

Best,
Kevin

**From:** Robyn Bowland <rbowland@irwinip.com>
**Sent:** Friday, February 23, 2024 8:15 PM
**To:** Kevin Jang <kevinjang@quinnemanuel.com>; Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** RE: LKQ/Kia: Holt production

**[EXTERNAL EMAIL from rbowland@irwinip.com]**

Kevin,

We have reviewed and considered your email from last night, sent long after the close of business. But we do not understand Kia's complaints.

As an initial matter, and unlike Mr. Schiavone's "errata," which explicitly seeks to amend/supplement his expert report, neither LKQ nor Ms. Holt have taken the position that her work papers should be included as part of her expert report. Thus, it seems obvious that the work papers do not have any impact whatsoever on the scope of Ms. Holt's report or the opinions included therein.

Putting that aside, you state that Ms. Holt's work papers—provided you in advance of her deposition as a courtesy—"belatedly expand the opinions of Ms. Holt." Can you explain what you mean? While true that Ms. Holt's work papers provide more detail than the exhibits, this has no impact on the scope of Ms. Holt's opinions. Indeed, Ms. Holt's work papers are consistent with the opinions in her expert report. Additionally, much of the production that Kia complains of are publicly available documents cited in Ms. Holt's report.

Your email also asserts that Ms. Holt's work papers "inject… new opinions." We do not believe this to be true. Can you identify the specific new opinions to which Kia is objecting?

Can you explain the apparent contradiction in the position Kia took vis a vis Mr. Schiavone's addition of new parts through his "errata," which undoubtedly both "expand" his opinions and inject new opinions, and the position it now takes regarding Ms. Holt's work papers?

Finally, is Kia willing to withdraw Mr. Schiavone's "errata" in its entirety in exchange for LKQ agreeing to withdraw Ms. Holt's work papers?

Regards,

Robyn M. Bowland

**Irwin IP LLP**

Intellectual Property Litigation

150 North Wacker Drive | Suite 700 | Chicago, IL 60606

Direct 312.667.6284 | Mobile 574.309.4151

rbowland@irwinip.com | www.irwinip.com

---

**From:** Kevin Jang <kevinjang@quinnemanuel.com>
**Sent:** Thursday, February 22, 2024 6:16 PM
**To:** Kia-NDIL-IIP <Kia-Hyundai-NDIL-IIP@irwinip.com>
**Cc:** QE-KIA-LKQ <qe-kia-lkq@quinnemanuel.com>
**Subject:** LKQ/Kia: Holt production

//EXTERNAL//

Counsel,

The "Holt" productions LKQ served late last Friday (HOLT000001 to HOLT000902)—long after the report deadline and 2 business days before Ms. Holt's deposition—include new materials such as the 200+ "worksheets" that were never referenced in Ms. Holt's expert report and belatedly expand the opinions of Ms. Holt. In Ms. Holt's own words, the worksheets "have more detail than exhibits have"—*i.e.*, they break out the expenses and provide numbers that were not found in the exhibits. *E.g.*, Holt Rough at pp. 106-111. LKQ's injection of new opinions and bases is prejudicial and violates LPR 5.3. We request LKQ to withdraw all of the worksheets and other materials that were not referenced, cited, or discussed in Ms. Holt's report, or otherwise Kia will move to exclude them. Please provide your availability to meet and confer tomorrow (Feb 23) on this issue between 12 pm and 6 pm CT.

Best,

Kevin Jang